IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Monica Lisa Galvez, ) | Civil Action No.: 4:10-cv-03165-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER OF DISMISSAL** |
| Horry County and Horry County Fire ) | ***WITHOUT PREJUDICE*** |
| and Rescue Services, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This lawsuit arises from an employment discrimination dispute between Plaintiff Monica Lisa Galvez ("Plaintiff") and Defendants Horry County and Horry County Fire and Rescue Services ("Defendants"). For the reasons discussed below, this case is hereby dismissed, *without prejudice*, and all pending motions are denied as moot.

## **Background**

Plaintiff initially filed this action in the Court of Common Pleas in Horry County on September 27, 2010. On December 13, 2010, Defendants removed the case to this Court. On December 21, 2010, the magistrate judge issued an order directing Plaintiff to "fully answer, sign, and submit a set of Local Rule 26.1 interrogatories" which were attached to the order. [Interrogatory Order, Doc. # 8, at 1.] Further, the magistrate judge explained that "[i]f as a result of your failure to comply with this Order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this Order." [*Id.*] This order was mailed to Plaintiff at her address of record, and was not returned to the Court. [*See* Doc. # 9.] However, Plaintiff never submitted answers to the Local Rule 26.1 interrogatories.

Sometime after removing the case, Defendants ultimately served upon Plaintiff Interrogatories, Requests for Production, and Requests to Admit. On March 22, 2011,

Defendants filed a motion to compel Plaintiff to answer this discovery. [Motion to Compel, Doc. # 17.] On October 17, 2011, the magistrate judge granted the motion to compel and ordered Plaintiff to respond to the previously served discovery requests. [Compel Order, Doc. # 24.] This order was mailed to Plaintiff at her address of record, and was not returned to the Court. [*See* Doc. # 25.] Plaintiff never complied with this order.

On May 10, 2012, this Court sent a calendar notice that jury selection would be held in this case on May 24, 2012. [*See* Calendar Notice, Doc. # 34.] This notice was also mailed to Plaintiff at her address of record, and was not returned to the Court. [*See* Doc. # 35.] Defendants and Plaintiff contacted the Court regarding issues with the case going forward, and this Court held a hearing on May 16, 2011.[1]

At the hearing, Plaintiff confirmed her address of record as the address to which this Court had sent all orders, notices and correspondence, and to which Defendants had sent its correspondence and discovery requests. [*See* Defs.' Certificates of Service, Doc. # 40.] Plaintiff did not dispute that both this Court and Defendants never received returned mail from Plaintiff's address. Plaintiff also admitted that she received a notice from the Court of Common Pleas in Horry County, sometime shortly after September 2010, that her lawsuit had been filed; and Plaintiff admitted that she received this Court's notice of jury selection almost two years later in May 2012.

However, Plaintiff claimed that she did not receive any other mail regarding this case in the interim. In explaining why she did not receive these mailings, Plaintiff again confirmed

---

[1] Defendants also filed a motion to dismiss the case *with prejudice*, which was untimely under the scheduling order and hand delivered to Plaintiff at the status conference. [*See* Mot. To Dismiss, Doc. # 38.] However, this Court is not rendering a decision predicated upon the motion to dismiss, which is denied as moot. The Court's *sua sponte* ruling to dismiss the case *without prejudice* rests on the record in the case and the information presented during the May 16, 2012 hearing.

that both the Court and Defendants had the correct address, but claimed she had encountered issues with her mail since she moved to that address in 2006. Specifically, Plaintiff recounted a confluence of alleged circumstances that have apparently combined to impede her access to documents regarding this case: a broken mailbox, a mail carrier who was negligent and supposedly allowed a child to deliver mail, new owners of her apartment building, a manager who may have thrown out mail while she was away for several months, and the possibility that she might have discarded the mail if it did not look "official." When asked why Plaintiff did not contact the Court during the almost two years of alleged silence regarding her case, Plaintiff claimed that she did not know who to call, and that she assumed the Court would send something when and if action was required.[2]

## **Legal Standard**

Federal Rule of Civil Procedure 41(b) allows for dismissal based on failure of a plaintiff "to prosecute or to comply with these rules or a court order." Further, it is well established that a district court has authority to dismiss a case, *sua sponte*, for failure to prosecute under the inherent authority possessed by district courts. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Wrenn v. McFadden*, 993 F.2d 1541 (4th Cir. 1993) (affirming a district court's *sua sponte* dismissal of a case pursuant to Rule 41(b)); *Bush v. U.S. Postal Serv.*, 496 F.2d 42, 45 (4th Cir. 1974) (noting that under Rule 41(b), a court may *sua sponte* dismiss a case for lack of prosecution).

---

[2] The claim that Plaintiff was awaiting information from the Court, or from Defendants, in lieu of taking more affirmative action on her case is particularly puzzling given Plaintiff's insistence on the unreliability of her mail.

Although a *pro se* litigant is not held to the same high standards as an attorney, *see Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989); *see also Dancy v. Univ. of N.C. at Charlotte*, No. 3:08-CV-166-RJC, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) ("Although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.' " (quoting *Ballard*, 882 F.2d at 96)); *Pack v. S.C. Wildlife & Marine Res. Dep't*, 92 F.R.D. 22, 25 (D.S.C. 1981) ("A *pro se* litigant . . . must meet certain standards. Among these are a good faith attempt to comply with the rules of discovery and to be present for trial." (internal citations omitted)); *see also Thompke v. County of Richland, S.C.*, No. 3:07-1079-TLW, 2008 WL 4383083 (D.S.C. Sept. 17, 2008) (adopting magistrate's report, at 2008 WL 4383836, which held that "[p]laintiff is proceeding *pro se* and is, thus, completely responsible for her actions with regard to this case"). Accordingly, *pro se* litigants are also subject to the provisions of Rule 41.

### **Discussion**

The Court finds that *sua sponte* dismissal of this case, *without prejudice*, is appropriate under Federal Rule of Civil Procedure 41(b).

First, Plaintiff never responded to discovery, and more importantly, failed to follow two court orders filed in this case. The Court finds Plaintiff's allegations that she never received these orders, or the discovery from Defendants, simply not credible. The situation in this case is analogous to that faced by the court in *Graham v. Maryland Department of Corrections*, 266 Fed. App'x 293 (4th Cir. 2008). In that case, the Fourth Circuit affirmed a district court's

finding that a *pro se* party had received a judgment when "[t]he district court concluded that it timely sent out the judgment, that [the *pro se* litigant] had received legal mail during the relevant time period, and that the judgment was never returned to the court." *Id*.

Here, Plaintiff's address of record was undisputed, Defendants produced numerous certificates of service by mail, the docket in this case indicates that the Court's orders and other information were sent to Plaintiff, and no returned mail was ever received by this Court or by Defendants. Further, Plaintiff admitted to receiving at least the jury selection notice from this Court, along with a prior notice from the state court. *See also Coomer v. Coomer*, 217 F.3d 838, 838 (4th Cir. 2000) ("The allegedly missing court orders sent to [the *pro se* litigant] were never returned by the post office, raising a credible inference that [the *pro se* litigant] received them . . . . As the district court noted (with a justifiable degree of cynicism), it is hardly coincidental that the only court order [the *pro se* litigant] admits receiving was the . . . order awarding judgment against him . . . .").

Second, even if Plaintiff's assertion that she did not receive correspondence from this Court or from Defendants were credible, dismissal would still be appropriate. Although she is a *pro se* litigant, the duty to prosecute this case must still be borne by Plaintiff. A simple phone call or visit to the clerk's office, or a phone call to the attorney for Defendants, could have apprised Plaintiff of the status of her case. Such action is especially warranted if, as alleged, Plaintiff knew she had trouble receiving her mail and had heard nothing regarding her case in a twenty-month period. "Had [the *pro se* litigant] shown even the slightest diligence in the period between [filing her complaint and receiving the jury notification almost two years later], this whole situation could have been avoided. [The *pro se* litigant's] conduct was, at

best, irresponsible and, at worst, deliberately evasive." *Coomer*, 217 at 838 (discussing a *pro se* litigant's failure to take any action for nearly a year).[3]

### Conclusion

Based on the foregoing, it is **ORDERED** that:

1. This case is hereby DISMISSED, *without prejudice*, in its entirety; and

2. And all pending motions are DENIED as moot.[4]

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
My 17, 2012

---

[3] When dismissing a case *with prejudice*, the Fourth Circuit requires courts to consider "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Although this dismissal is *without prejudice*, the Court notes that for the reasons discussed herein, these factors are present in this case. (1) Plaintiff is the sole reason the Court's orders were not followed and that discovery was not conducted; (2) to allow the case to go forward would prejudice Defendants by requiring them to work the case from scratch after a two-year delay caused by the opposing party; (3) Plaintiff's conduct has been ongoing as she failed to submit discovery responses and failed to follow two court orders over a nearly two-year period; and (4) this Court is taking the less drastic measure of dismissing the case *without prejudice*, even though a dismissal *with prejudice* would certainly be justifiable. Further, a district court need not engage in a rigid application of the above-test when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of her claim. *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989). Here, the magistrate judge's December 21, 2010 Order specifically warned Plaintiff that her failure to comply with Court orders could result in dismissal. [*See* Doc. # 8.]

[4] The Court reiterates that while Defendants filed a motion to dismiss the case *with prejudice,* this Court is not rendering a decision predicated upon the motion to dismiss. The Court's *sua sponte* ruling to dismiss the case *without prejudice*, as discussed in this order, rests solely on the record already existing in the case and the information presented during the May 16, 2012 hearing.